[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiffs filed a complaint against the defendant alleging abuse of process. In its amended answer, the defendant filed a counter-claim alleging abuse of process. In response, the plaintiffs asserted a special defense alleging that the defendant's counter-claim fails to set forth a claim upon which relief can be granted.[1] The defendant moves to strike the plaintiffs' special defense on the grounds that his counter-claim sufficiently alleges a cause of action and the plaintiffs' special defense merely alleges a legal conclusion.
The defendant's motion to strike the plaintiffs' special defense is granted because the defendant has sufficiently alleged a claim of abuse of process. "Abuse of process occurs when someone uses a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . [T]he fact that there existed an incidental motive of spite or an ulterior purpose of benefit . . . is not sufficient to constitute a cause of action for abuse of process." (Internal quotation marks omitted.) Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 720, 627 A.2d 374 (1993); see also Honan v. Dimyan,52 Conn. App. 123, 130, 726 A.2d 613, cert. denied, 249 Conn. 909,733 A.2d 226 (1999). Here, the defendant in his counter-claim alleges that the plaintiffs' motive for initiating this present action was to retaliate for a complaint that he filed against the plaintiffs and thus they were using the legal process to accomplish a purpose for which it was not designed. As a result, CT Page 15467 the defendant sufficiently alleged a cause of action for abuse of process. Accordingly, the defendant's motion to strike the plaintiffs' special defense is granted because the defendant sufficiently stated a legal cause of action. So ordered.
D'ANDREA, J.